IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER DZOH,                      :
                                     :
            Plaintiff                :
                                     :
      v.                             :      CIVIL NO. 4:CV-16-1215
                                     :
STATE CORRECTIONAL                   :      (Judge Brann)
INSTITUTION AT DALLAS, ET AL.,       :
                                     :
            Defendants               :

## MEMORANDUM

July 8, 2016

## Background

Alexander Dzoh, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Named as Defendants are SCI-Dallas and two prison employees Deputy Warden Norm Demming and Major Lori White. See Doc. 1, ¶ III.

According to the Complaint, Plaintiff's "life was subject to danger and possibly death due to the negligence " of the Defendants. Doc. 1, ¶ IV. Plaintiff vaguely states that the he was contacted by "a third party in this prison" and was warned that his safety was at risk. Id. at (3). Dzoh asserts that on or about April 28,

---

1.   Dzoh completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.

2016 he advised Demming and White via a periodic review of the threat.  However, those Defendants allegedly failed to take any action because he was unable to provide them with the names of the persons who purportedly posed a threat to his well being. The Plaintiff adds that he was forced to return to general population on both May 9, 2016 and May 31, 2016.  The Complaint seeks compensatory damages for pain and suffering resulting from his being placed at risk of harm and a transfer to another correctional facility.

### Discussion

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly

2

entitled to immunity from suit ... ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States,</u> 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  <u>Denton</u> <u>v. Hernandez</u>, 504 U.S. 25, 33 (1992).

## **SCI-Dallas**

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.  <u>See</u> <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); <u>Sponsler v. Berks County Prison</u>, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).      Pursuant to the above standard, SCI-Dallas is clearly not a person and therefore not subject to civil rights liability.  <u>See</u> <u>Thompkins v. Doe</u>, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).[2]

## **Respondeat Superior**

Also named as Defendants are Deputy Warden Demming and Major White. Plaintiff indicates that those officials were made aware that his safety was in danger via a periodic review and failed to take appropriate action.

---

2.      There is no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of SCI-Dallas. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690-91 (1978).

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of  law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, 283 Fed. Appx. 880, 881  (3d. Cir.  2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.").  Consequently, any attempt by Plaintiff to establish liability against the Deputy Warden or Major based upon the substance or lack of response to his institutional grievances also does not by itself  support a

constitutional due process claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).  That said, any claims asserted against Deputy Warden Demming or Major White  based upon either their respective supervisory capacities or their alleged lack of response to an institutional request does not set forth a viable claim of constitutional misconduct.

## **Failure to Protect**

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993).  Under Farmer, an inmate must surmount the high hurdle of showing that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk.  Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir.  2001).  This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

This is not a case where a prison official witnessed a prisoner being physically assaulted and failed to take any steps to protect the prisoner.  See  Estate of Davis v. Delo, 115 F.3d 1388, 1395-96 (8th Cir. 1997); Gaudreault v. Salem, 923 F.2d 203, 207 n. 3 (1st Cir.), cert. denied, 500 U.S. 956 (1990) ("an officer who is present

at the scene and who fails to take reasonable steps to protect the victim ... of excessive force can be held liable . . . .").

Plaintiff offers no factual substantiation for this wholly conclusory assertion that he was at risk of harm from other prisoners.  He does not claim that he was ever assaulted or threatened with assault by any other inmate.  Dzoh also admits that he was unable to provide Demming and White with the name of any inmate who posed a risk to his safety.  Moreover, Plaintiff offers no reason as to why any prisoner would wish to inflict harm against him.  The Complaint also does not describe the information purportedly given to Plaintiff  by a third party which led him to conclude that he was in danger.

In sum, there are no alleged facts which could support a claim under Farmer, that Plaintiff was placed at risk of a substantial risk of serious harm.  The Complaint fails to provide any facts whatsoever which could show that Defendants actually knew or were aware of an actual substantial risk to Plaintiff's safety  and  were deliberately indifferent to and failed to provide adequate safeguards. Consequently, Dzoh has not presented a viable Eighth Amendment claim, and the Defendants are entitled to entry of dismissal with respect to the failure to protect claim.

It is also noted that allegations of negligence "do not trigger constitutional protections."  Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted); see also  Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). As such, Plaintiff's attempt to assert a claim based upon alleged negligent treatment by Demming and White also fails.

**Emotional Injury**

Finally, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.  Title 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Third Circuit added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>,Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and mental injuries for violation of his constitutional rights is barred by Section 1997e(e).

## **Conclusion**

First, SCI-Dallas is not a properly named defendant.  Second, any claims against Defendants Demming and White  based upon either their respective supervisory capacities or alleged lack of response to Plaintiff's institutional requests are insufficient for purposes of civil rights liability.  Despite a liberal review of the <u>pro se</u> Complaint, a viable claim of failure to protect has not been stated.  Finally, Plaintiff's request for compensatory damages for emotional and mental injuries for violation of his constitutional rights is barred by Section 1997e(e).

Since Dzoh's's Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge